UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PETER J. ESTAY, an individual, STEPHANIE S. ESTAY, an individual,<br><br>       Plaintiff,<br>vs.<br><br>TETON COUNTY SHERIFF, TETON COUNTY SHERIFF DEPARTMENT, Sergeant C. BERRY, individually and in his official capacity as a deputy of Teton County Sheriff Department, Deputy H. MAJORS, individually and in his officially capacity as a deputy of the Teton County Sheriff Department, Deputy E. WARN, individually and in his official capacity as a deputy of Teton County Sheriff Department, Deputy BEN GUIMONT, individually and in his official capacity as a deputy of Teton County Sheriff Department, CLINT LEMIEUX, individually and in his official capacity as the Sheriff of Teton County Idaho, and JOHN/JANE DOES 1-10, individually and in their official capacities,<br><br>       Defendants. | Case No. 1:25-cv-00716-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Before the Court is a Motion to Set Reasonable Bond (Dkt. 3). For the reasons explained below, the Court will grant the motion and set a bond in the

**MEMORANDUM DECISION AND ORDER - 1**

amount of $500.

## BACKGROUND

Plaintiffs intend to sue multiple law enforcement officers of the Teton County Sheriff Department—Sergeant C. Berry, Deputy H. Majors, Deputy E. Warn, and Deputy Ben Guimont—along with Sheriff Clint Lemieux, the Teton County Sheriff Department, and John/Jane Does 1-10. Plaintiffs allege that these defendants violated their constitutional rights by unlawfully entering their property, forcibly removing them from their residence at 1112 Ski Hill Road, Driggs, Idaho, and arresting them.

In their complaint, Plaintiffs allege three federal claims under 42 U.S.C. § 1983 for alleged violations of the Fourth and Fifth Amendments. The sole state-law claim is an inverse condemnation claim alleging a taking without just compensation under Article I, Section 14 of the Idaho Constitution. Plaintiffs ask the Court to fix the amount and form of a bond required under Idaho Code § 6-610.

## DISCUSSION

Under Idaho Code § 6-610(2), a plaintiff who intends to sue a law enforcement officer for actions arising out of the performance of the officer's duties must, as a condition precedent to filing the complaint, post a written undertaking with at least two sufficient sureties in an amount to be fixed by the

court. The statute's purpose is twofold: to ensure that the plaintiff diligently pursues the lawsuit, and to serve as a fund for costs, expenses, and attorneys' fees in the event the plaintiff loses. *See* Idaho Code § 6-610(2). This requirement applies to "all suits against law enforcement officers whether they are brought in tort or as other civil claims." *Beehler v. Fremont County*, 182 P.3d 713, 718 (Idaho Ct. App. 2008).

The bond requirement does not apply to Plaintiffs' federal claims brought under 42 U.S.C. § 1983. *See Urrizaga v. Twin Falls Cty.*, 106 Fed.Appx. 546, 549 n. 2 (9th Cir. 2004); *see also Hyde v. Fisher*, 152 P.3d 653, 658 (Idaho Ct. App. 2007) (holding the security requirement of section 6-610 is preempted by federal law). But the bond requirement presumably applies to Plaintiffs' state law claim for inverse condemnation under Article I, Section 14 of the Idaho Constitution. *Beehler*, 182 P.3d at 718. The Court must therefore determine the amount of the bond.

Plaintiffs request that the Court waive the bond requirement entirely or set a nominal bond of no more than $500. In support, Peter Estay has submitted a declaration asserting that he owns real property but has limited means, and that requiring a significant bond would deprive him of his due process right to access the courts.

**MEMORANDUM DECISION AND ORDER - 3**

A court may waive costs, fees, and security for indigents if (1) the party requesting a waiver files an affidavit stating that he is indigent and unable to pay the costs, fees, and security associated with his case, and (2) the court finds, after informal inquiry, that the party is indigent for the purpose of prepayment of fees, costs, or security. Idaho Code § 31-220(2)(a), (b). I.C. § 31-3220. This statute applies to bonds required under § 6-610. *Clements v. Pocatello Police Dep't*, No. 4:22-CV-00407-DCN, 2023 WL 2354894, at *1 (D. Idaho Mar. 2, 2023). Estay's declaration establish he is financially strapped but, with some diligence, he can afford to pay a small bond. *See Clements*, 2023 WL 2354894, at *2. Accordingly, the Court sets the bond at $500.

In setting a small bond in this matter, the Court considered the unusual nature of the state law claim at issue here – inverse condemnation. The Court cannot recall a time when such a claim was brought against law enforcement officers. So, it is at least possible, that the bond requirement of Idaho Code § 6-610 does not apply to the Plaintiff's claim. The named defendants can, of course, object to the bond amount – in which case, the Court will be able to make a determination as to the statute's applicability, as well as to the bond's adequacy.

## ORDER

**IT IS ORDERED that** Plaintiffs' Motion to Set Reasonable Bond (Dkt. 3)

MEMORANDUM DECISION AND ORDER - 4

is **GRANTED.**

1. The bond is set at $500. Plaintiffs shall file a written undertaking with at least two sufficient sureties in that amount as a condition precedent to filing the complaint as to the inverse condemnation claim under Article I, Section 14 of the Idaho Constitution.

2. Plaintiffs' federal claims under 42 U.S.C. § 1983 are not subject to the bond requirement and may be filed without posting a bond.